Finding no error in the record, the judgment of the trial court will be affirmed.

MORROW, P. J. (dissenting). Appellant was arrested upon a public road, and in his pocket there was found a 12-ounce bottle, about two-thirds full of whisky. There is no evidence that he was making any unlawful use of it further than that which might be inferred from the fact that he was in possession of it while traveling on the public road.

In view of the statute which makes the possession of intoxicating liquor lawful, except where it is possessed for the purpose of sale, and the statute which declares that the inference of an unlawful possession applies only where the quantity possessed is more than a quart, the evidence is deemed by the writer to be insufficient to support the conviction.

The reasoning and authority upon which this view is based will be found stated in more detail in the dissenting opinion of Gandy v. State (No. 7579; Tex. Cr. App.) 268 S. W. 951, to which reference is made.

---

## KENNEDY v. STATE.    (No. 7178.)

(Court of Criminal Appeals of Texas. Nov. 15, 1922. Rehearing Denied Nov. 12, 1924. Second Motion for Rehearing Denied Feb. 11, 1925.)

1. **Criminal law ⊛⇒1092(7)—Bills of exception, not filed within required time, cannot be considered.**

Bills of exception, not filed within 30 days after adjournment of term, under Vernon's Ann. Code Cr. Proc. 1916, art. 845, nor within extended period, cannot be considered.

### On Motion for Rehearing.

2. **Intoxicating liquors ⊛⇒131—Proof of transportation sufficient, without affirmative evidence as to purpose.**

Proof of transportation of intoxicating liquor sustains conviction for unlawful transportation, notwithstanding absence of affirmative evidence as to purpose.

Appeal from District Court, Jackson County; John M. Green, Judge.

Clyde Kennedy was convicted of unlawful transportation of liquor, and he appeals. Affirmed.

W. W. McCrory and W. C. Linden, both of San Antonio, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for the unlawful transportation of liquor; punishment, one year in the penitentiary.

[1] The trial term of court adjourned March 24, 1922. By article 845, C. C. P., 30 days were allowed after adjournment in which to file bills of exception. No extension order was made by the court. The bills were not filed until June 17, 1922. They cannot be considered. See authorities in note under article 845, Vernon's Cr. St. vol. 2, and Vernon's Civ. & Cr. St. vol. 2, 1922 Supplement.

We have examined the facts in the record and they support the conviction. It would serve no purpose to set them out here.

The judgment is affirmed.

### On Motion for Rehearing.

MORROW, P. J. Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant had in his possession a quart bottle of whisky while he was traveling on the train for a distance of about 16 miles.

[2] There is no affirmative evidence that he possessed it for an unlawful purpose. It is expressly declared in the statute that the possession of a quart of intoxicating liquor creates no inference that it is possessed for an unlawful purpose.

The views of this court, touching the law applicable to a similar state of facts have been expressed in detail in the case of Gandy v. State (No. 7579) 268 S. W. 951, not yet [officially] reported. Following the majority opinions in that case, from which the writer dissented, the motion for rehearing is overruled.